UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED FOOD AND COMMERCIAL
WORKERS, LOCAL 653,

                Plaintiff,

v.

FRESH SEASONS MARKET, LLC, and
FRESH SEASONS MARKET VICTORIA,
LLC,

                Defendants.

Case No. 15-CV-3910 (PJS/TNL)

ORDER

---

Timothy J. Louris, Roger A. Jensen, and Emily L. Marshall, MILLER O'BRIEN
JENSEN, P.A., for plaintiff.

John J. Steffenhagen and Jason S. Raether, HELLMUTH & JOHNSON PLLC, for
defendants.

Last year, plaintiff United Food & Commercial Workers, Local 653 (the "Union")
sued defendants Fresh Seasons Market, LLC, and Fresh Seasons Market Victoria, LLC
(collectively, "Fresh Seasons"), to compel Fresh Seasons to arbitrate a contract dispute.
ECF No. 1.  Both parties moved for summary judgment.  ECF Nos. 18, 24.  The Court
granted the Union's motion for summary judgment and ordered Fresh Seasons to
arbitrate the dispute.  ECF No. 34.  Fresh Seasons appealed.  ECF No. 36.

Fresh Seasons now asks the Court to stay its order compelling arbitration until
the Eighth Circuit rules on Fresh Seasons' appeal.  ECF No. 37.  This Court denied a
similar request two years ago.  *See Valspar Corp. v. Nat'l Union Fire Ins.*, 81 F. Supp. 3d

729, 731-35 (D. Minn. 2014).  For many of the same reasons, the Court will also deny

Fresh Seasons' motion for a stay of the Court's prior order.

## I.  STANDARD OF REVIEW

A court may stay the enforcement of an order while that order is on appeal.  *See*

Fed. R. Civ. P. 62(c).  But such a stay "is not a matter of right."  *Nken v. Holder*, 556 U.S.

418, 433 (2009).  It is "an exercise of judicial discretion," and "[t]he party requesting a

stay bears the burden of showing that the circumstances justify [it]."  *Id.* at 433-34.  In

determining whether to grant a stay, the court can consider "(1) whether the stay

applicant has made a strong showing that [it] is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance

of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies."  *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770,

776 (1987)).  "The first two factors . . . are the most critical."  *Id.*

## II.  ANALYSIS

All four factors weigh against granting a stay here.

Starting with the first factor:  On appeal, Fresh Seasons argues that the Court

erred in ruling that the Union's action to compel arbitration was not barred by the

statute of limitations.  But in ruling for the Union on this issue, the Court merely

applied the "general rule" that the statute of limitations does not start to run on an

action to compel arbitration under § 301 of the Labor Management Relations Act, 29

U.S.C. § 185, until one party rejects another party's demand for arbitration.  ECF No. 34

at 12.  Fresh Seasons has failed to make a "strong showing" that the Eighth Circuit is

likely to adopt a different rule on appeal.

As for the second factor, the Court agrees with Judge Richard A. Posner and

Judge Richard H. Kyle that having to arbitrate a case is generally not an irreparable

harm.  *See Graphic Commc'ns Union, Local No. 2 v. Chi. Tribune Co.*, 779 F.2d 13, 15-16 (7th

Cir. 1985); *Valspar*, 81 F. Supp. 3d at 731-35.  If Fresh Seasons wins on appeal, the

arbitrator's decision will likely be invalidated.  In the meantime, the cost of submitting

to arbitration is not an irreparable harm, "even if the sums expended in arbitration

ultimately prove unrecoverable."  *Valspar*, 81 F. Supp. 3d at 733 (citing *FTC v. Standard

Oil Co. of Cal.*, 499 U.S. 232, 244 (1980)).

The third factor also cuts against granting a stay.  The dispute between the Union

and Fresh Seasons has already dragged on for several years.  Staying the Court's order

compelling arbitration would injure the Union by further delaying resolution of its

claim.  *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 742 F. Supp. 2d 1055, 1063-64 (D.S.D.

2010).

As for the fourth factor, there is a "strong federal policy in favor of arbitrating

disputes in general and labor disputes in particular."  *Graphics Commc'ns Union*, 779

F.2d at 15.  "Arbitration is supposed to be swift.  It will not be swift if orders to arbitrate are routinely stayed pending appeals from those orders."  *Id.*

All four factors weigh against granting a stay, and thus the Court denies Fresh Seasons' motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that Fresh Seasons' motion to stay pending appeal [ECF No. 37] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 8, 2016                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge